NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KING SOLARMAN, INC., | No.   20-70373 |
| Petitioner-Appellant, | Tax Ct. No.  19969-17 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted December 9, 2020[**]
Pasadena, California

Before:  KELLY,[***] GOULD, and R. NELSON, Circuit Judges.

King Solarman, Inc. ("KSI") appeals the United States Tax Court's decision

on a petition for redetermination of federal income deficiency for the fiscal year

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

ending April 30, 2015 ("FYE 2015"). KSI contends that it was impermissibly restricted to the accrual method of accounting and that it did not need to include the remaining $5,669,186 balance on a promissory note ("Note") in its gross receipts. However, KSI was required to use the accrual method because it needed to account for inventory. And under that method, the balance of the Note needed to be included in gross receipts in FYE 2015. Therefore, we affirm the Tax Court's decision.

We have jurisdiction to review the Tax Court's decisions under 26 U.S.C. § 7482(a)(1). We review Tax Court decisions "on the same basis as decisions in civil bench trials in district court." *Est. of Ashman v. Comm'r*, 231 F.3d 541, 542 (9th Cir. 2000) (citation omitted). "[C]onclusions of law and mixed questions of law and fact" are reviewed de novo; "findings of fact [are reviewed] for clear error." *Shea Homes, Inc. & Subsidiaries v. Comm'r*, 834 F.3d 1061, 1066 (9th Cir. 2016) (citations omitted).

The threshold question is whether KSI was required to use the accrual method of accounting or was free to use either the cash method or the installment method. The Treasury Regulations explain that the accrual method is required for "purchases and sales" that are income-producing factors when "it is necessary to use an inventory" under 26 U.S.C. § 471, unless the taxpayer receives authorization from the Commissioner. 26 C.F.R. § 1.446-1(c)(2)(i); *see also Jim*

2

*Turin & Sons, Inc. v. Comm'r*, 219 F.3d 1103, 1106 (9th Cir. 2000). The necessity to use an inventory turns on whether the merchandise sold could be "stored" and was thus "susceptible to being inventoried" if there had been any remainder on hand at year end. *See Jim Turin & Sons*, 219 F.3d at 1109.

KSI is restricted to the accrual method because "it [wa]s necessary [for KSI] to use an inventory" and it did not receive permission from the Commissioner to use a different method. *See* 26 C.F.R. § 1.446-1(c)(2)(i); *see also Jim Turin & Sons*, 219 F.3d at 1106. KSI's Solar Towers and related equipment can be stored, and thus are "susceptible to being inventoried." *See Jim Turin & Sons*, 219 F.3d at 1109. And the cost of this merchandise was plainly a significant "income-producing factor," *see id.* at 1106, as evident by the $5,466,935 in costs of Solar Tower merchandise in FYE 2015, representing 44 per cent of KSI's gross receipts as calculated by the IRS.

KSI's argument that it qualifies for a small business exception to 26 C.F.R. § 1.446-1(c)(2)(i) is unpersuasive. *See* Rev. Proc. 2002-28 § 4.01(1), 2002-1 C.B. 815, *obsoleted by* Rev. Proc. 2018-40, 2018-34 I.R.B. 320 (applying to taxable years beginning after December 31, 2017). For a C corporation to qualify for this exception and elect the cash method, its annual gross receipts for the three years prior to the year in question must be $5,000,000 or less. *Id.* §§ 2.04, 6 (Example 3). In addition, the corporation must meet one of three additional requirements: 1)

3

it does not fall within certain NAICS industry codes, 2) its "principal business activity is the provision of services," or 3) "its principal business activity is the fabrication or modification of tangible personal property upon demand in accordance with customer design or specifications." *Id.* § 4.01(1).

KSI clears the initial hurdle, because it is a C corporation with average gross receipts of only $2,598,668 over the relevant period. However, it cannot meet any of the three options for the final requirement.

First, the NAICS industry code that best fits KSI is 423990 (wholesale trade), precluding KSI's success under the first option. *Id.* § 4.01(1)(a)(iii) (requiring a taxpayer to not have an NAICS code for "wholesale trade within the meaning of NAICS code 42"). As the Tax Court explained, KSI "sells at the wholesale level equipment that supplies light using batteries that are powered in part by solar panels."[1]

Second, KSI does not argue that "its principal business activity is the provision of services." *See id.* § 4.01(1)(b). Thus, it has waived any argument under option two. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009).

Finally, while KSI did allow some customization of its Solar Towers, "its

---

[1] KSI argues that it instead should be able to use code 221114, the code for solar power generation. However, KSI has not met its burden of proof of showing why it qualifies as a member of the solar power generation industry. *See* Tax Ct. R. 142(a).

principal business activity [was not] the fabrication or modification of tangible personal property upon demand in accordance with customer design specifications." Rev. Proc. 2002-28 § 4.01(1)(c). Allowing a customer to "merely choose[] among pre-selected options (such as size, color, or materials)" is insufficient customization to trigger the exception. *Id.* Likewise, "minor modifications to its basic design" are insufficient. *Id.* Here, the only alleged on-demand customization was for pre-selected options including, amongst others, two- or four-wheeled carts, Wi-Fi/4G LTE access, and security cameras. These "minor modifications," which are mere "pre-selected options" offered by KSI, do not suggest KSI's "principal business activity" includes fabricating or modifying the Solar Towers upon customer demand. *See id.* Thus, KSI was required to use the accrual method.[2]

Under the accrual method, KSI must recognize income when "all the events have occurred that fix the right to receive the income and the amount of the income can be determined with reasonable accuracy." 26 C.F.R. § 1.446-1(c)(1)(ii)(A); *see also United States v. Gen. Dynamics Corp.*, 481 U.S. 239, 242 (1987). All

---

[2] Since KSI's susceptibility to inventory required it to use the accrual method, there is no need to decide whether KSI's prior selection of the accrual method check box in its tax forms also means the accrual method was required. Likewise, we need not decide whether the Tax Court and this court can properly consider the issue or if it is a "new matter" beyond the scope of the IRS's deficiency statement. *See Shea v. Comm'r*, 112 T.C. 183, 191 (1999).

events necessary to fix a taxpayer's right to receive income occurs upon the earliest of when the income is received, due, or earned by performance. *Johnson v. Comm'r*, 108 T.C. 448, 459 (1997), *aff'd in part, rev'd in part on other grounds*, 184 F.3d 786 (8th Cir. 1999). A party earns by performance if it delivers title and possession of the goods. *See Keith v. Comm'r*, 115 T.C. 605, 618 (2000); *Hallmark Cards, Inc. v. Comm'r*, 90 T.C. 26, 32 (1988).

Here, KSI had earned the entirety of the Note amount by performance when it delivered all 162 Solar Towers and title to the towers in FYE 2015. And the amount of the Note that KSI was set to receive was determinable with reasonable accuracy upon completion of the sale, despite KSI's potential warranty obligations. Because the potential warranty claims are uncertain and were not finalized in FYE 2015, they are conditions subsequent which do not prevent this result. *See Charles Schwab Corp. v. Comm'r*, 107 T.C. 282, 293 (1996); *see also Keith*, 115 T.C. at 617.[3] Therefore, KSI should have included the balance of the Note in its gross receipts for FYE 2015.

**AFFIRMED.**

---

[3] And because the amount of any potential warranty claim is unclear, KSI cannot yet deduct any amount for warranty claims either. *Gen. Dynamics Corp.*, 481 U.S. at 243–44 (holding that a taxpayer may not "deduct an estimate of an anticipated expense, no matter how statistically certain, if it is based on events that have not occurred by the close of the taxable year").